**UNITED STATES of America,**
**Appellee,**

v.

**Hafiz KHAN, a/k/a Hasib Khan,**
**Defendant–Appellant.**

No. 06–0128–cr.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2006.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Pablo Quiñones, Assistant United States Attorney (Marc Litt, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Hafiz Khan ("Khan") pleaded guilty to one count of illegal reentry to the United States. *See* 8 U.S.C. § 1326(a), (b)(2). He now appeals from a judgment entered by the district court on December 23, 2005 sentencing him to, *inter alia*, 77 months' incarceration. We assume familiarity with the facts and procedural history of this case.

Khan claims no defect in the procedure by which he was sentenced and argues only that his sentence, which was at the low end of the advisory Guidelines range properly calculated by the district court, was substantively unreasonable.[1] While a sentence within the Guidelines range is not immune from reasonableness review, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

Here, Khan argues that it was unreasonable for the district court to give a Guidelines sentence in light of: (1) several

---

[1]. Below, Khan also argued for a departure under the Guidelines for the same reasons he now argues compel a non-Guidelines sentence. On appeal, he does not appear to claim that the district court erred in not granting a departure, and in any case such an argument would not be successful. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005) (district court's refusal to downwardly depart "is generally not appealable" unless the court "misapprehended the scope of its authority to depart or the sentence was otherwise illegal").

family members' dependence upon him for financial and other support; and (2) his disability and history of alcohol abuse. However, the district court reasonably determined that Khan's family circumstances were not unusual and that, in any event, Khan was unlikely to be able to provide any support in the future in light of his expected deportation following his incarceration. It also reasonably determined that Khan's medical condition and efforts to curb his alcohol addiction were not "extraordinary," while asking that Khan be assigned to a facility that could provide him appropriate care for both. After discussing these considerations, the district court observed that Khan has committed six felonies, including several involving violence. In light of Khan's criminal history and likelihood of further recidivism, the district court found that protection of the public and the need to deter Khan from committing further crimes "militate for a Guidelines sentence." Under these circumstance, we cannot say that this conclusion was unreasonable.

Accordingly, the judgment of the district court is **AFFIRMED.**